# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| ANTHONY L., <br><br> **Plaintiff,** <br><br> v. <br><br> KILOLO KIJAKAZI,[1] <br> **Acting Commissioner of Social Security,** <br><br> **Defendant.** | MEMORANDUM DECISION AND ORDER <br><br><br> Case No. 1:21-cv-00060-JCB <br><br><br> Magistrate Judge Jared C. Bennett |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[2] Before the court is Plaintiff Anthony L.'s ("Plaintiff") appeal of Acting Commissioner of Social Security Kilolo Kijakazi's ("Commissioner") final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.[3] After careful consideration of the written briefs and the complete record, the court concludes that oral argument is not necessary. Based upon the analysis set forth below, all of Plaintiff's arguments fail. Therefore, the court affirms the Commissioner's decision.

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security. Under Fed. R. Civ. P. 25(d), she has been substituted for Commissioner Andrew M. Saul as the Defendant in this action. ECF No. 13.

[2] ECF No. 9.

[3] 42 U.S.C. §§ 401-434.

## PROCEDURAL BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments. Plaintiff applied for DIB in March 2018.[4] Plaintiff's application was denied initially[5] and upon reconsideration.[6] On April 9, 2019, Plaintiff appeared with counsel for a hearing before an Administrative Law Judge ("ALJ").[7] The ALJ later held two supplemental hearings.[8] On January 22, 2020, the ALJ issued a written decision denying Plaintiff's DIB claim.[9] Plaintiff appealed the adverse ruling, and, on July 8, 2020, the Appeals Council vacated the ALJ's decision and remanded Plaintiff's case for further proceedings.[10]

On October 27, 2020, Plaintiff appeared with counsel for another hearing before the ALJ.[11] The ALJ issued a second written decision on November 30, 2020, again denying Plaintiff's DIB claim.[12] Plaintiff appealed the adverse ruling, and, on February 25, 2021, the Appeals Council denied his appeal,[13] making the ALJ's decision final for purposes of judicial

---

[4] ECF No. 15, Administrative Record ("AR ___") 436-44.

[5] AR 125, 189-92.

[6] AR 139, 194-96.

[7] AR 99-124.

[8] AR 65-90, 91-98.

[9] AR 153-78.

[10] AR 179-84.

[11] AR 40-64.

[12] AR 12-39.

[13] AR 1-6.

review.[14] On April 26, 2021, Plaintiff filed his complaint in this case seeking review of the Commissioner's final decision.[15]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[16] The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."[17] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[18] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[19] "The [f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[20]

---

[14] 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.

[15] ECF No. 2.

[16] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).

[17] 42 U.S.C. § 405(g).

[18] *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

[19] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).

[20] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (first alteration in original) (quotations and citation omitted).

The aforementioned standards apply to the Commissioner's five-step evaluation process for determining whether a claimant is disabled.[21] If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.[22]

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.[23]

At step three, the claimant must show that his impairments meet or equal one of several listed impairments that are "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."[24] "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ."[25] Before considering step four, however, the ALJ must determine the claimant's residual functional capacity ("RFC").[26] An individual's RFC is his

---

[21] 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).

[22] 20 C.F.R. § 404.1520(a)(4); *see also Williams*, 844 F.2d at 750.

[23] *Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see also* 20 C.F.R. § 404.1520(a)(4)(i)-(ii).

[24] 20 C.F.R. § 404.1525(a); *see also* 20 C.F.R. § 404.1520(a)(4)(iii).

[25] *Williams*, 844 F.2d at 751.

[26] 20 C.F.R. § 404.1520(e).

ability to do physical and mental work activities on a regular and continuing basis despite limitations from his impairments.[27] In making this determination, the ALJ must consider all of the claimant's impairments, including impairments that are not severe.[28]

At the fourth step, the claimant must show, given his RFC, that his impairments prevent performance of his "past relevant work."[29] "If the claimant is able to perform his previous work, he is not disabled."[30] If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability."[31]

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step," where the burden of proof shifts to the Commissioner.[32] The decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of his age, education, and work experience."[33] If it is determined that the claimant "can make an adjustment to other work," he is not disabled.[34] If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," he is disabled and entitled to benefits.[35]

---

[27] 20 C.F.R. § 404.1545(a)(1), (b)-(c).

[28] 20 C.F.R. § 404.1545(a)(2).

[29] 20 C.F.R. § 404.1520(a)(4)(iv).

[30] *Williams*, 844 F.2d at 751.

[31] *Id.*

[32] *Id.*

[33] *Id.* (quotations and citation omitted); *see also* 20 C.F.R. § 404.1520(a)(4)(v).

[34] 20 C.F.R. § 404.1520(a)(4)(v).

[35] *Id.*

## ANALYSIS

Plaintiff's DIB claim involved evidence of a substance use disorder. Accordingly, the court: (I) sets forth the analytical framework for consideration of a claim involving a substance use disorder, (II) summarizes the ALJ's decision, and (III) addresses Plaintiff's arguments. As demonstrated by the analysis below, all of Plaintiff's arguments on appeal fail. Therefore, the court affirms the Commissioner's decision.

**I.      Analytical Framework for a Claim Involving a Substance Use Disorder**

The Social Security Act provides that "[a]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled."[36] The corresponding regulation provides that "[i]f we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability."[37] The regulation further provides:

> (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
>
> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.

---

[36] 42 U.S.C. § 423(d)(2)(C).

[37] 20 C.F.R. § 404.1535(a).

> (i) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>
> (ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.[38]

Thus, when a claim involves a substance use disorder, the ALJ must first apply the traditional five-step sequential evaluation to determine whether the claimant is disabled considering all his limitations, including those caused by the substance use disorder.[39] If the ALJ concludes that the claimant is not disabled, then the claimant is not entitled to benefits and there is no need for further inquiry. However, if the ALJ concludes that the claimant is disabled, then the ALJ must conduct the sequential evaluation a second time to determine which limitations would remain absent the substance use disorder and whether the claimant would still be disabled absent the substance use disorder.[40] If the ALJ concludes at that point that the claimant's remaining impairments are disabling, then the claimant is "disabled independent of" the substance use disorder, and the substance abuse disorder "is not a contributing factor material to the determination of disability."[41] However, if the claimant's remaining impairments are not

---

[38] 20 C.F.R. § 404.1535(b)(1)-(2).

[39] See, e.g., Mark F. v. Kijakazi, No. 21-2034-JWL, 2022 WL 407394, at *5 (D. Kan. Feb. 10, 2022).

[40] See, e.g., id.

[41] 20 C.F.R. § 404.1535(b)(2)(ii).

disabling, then the substance use disorder "is a contributing factor material to the determination of disability," and the claimant will not be considered disabled.[42]

## II. Summary of the ALJ's Decision

Because Plaintiff's DIB claim involved evidence of substance use disorder, the ALJ applied the foregoing analysis by first evaluating Plaintiff's claim through the five-step process without segregating any limitations attributable to Plaintiff's substance use disorder. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since his amended alleged onset date.[43] Moving to step two, the ALJ concluded that Plaintiff suffered from the severe impairments of alcohol use disorder, post-traumatic stress disorder, alcoholic pancreatitis, major depressive disorder, and cirrhosis of the liver.[44] Turning to step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment.[45] Thus, the ALJ proceeded to assessing Plaintiff's RFC. The ALJ concluded that Plaintiff had the RFC to perform light work with certain limitations, including the limitation that Plaintiff would be absent from work two days per month.[46] At step four, the ALJ determined that, given Plaintiff's RFC, Plaintiff was not able to perform any past relevant work.[47] Finally, at step five, the ALJ concluded—considering

---

[42] 20 C.F.R. § 404.1535(b)(2)(i).

[43] AR 18.

[44] *Id.*

[45] AR 18-20.

[46] AR 20-21.

[47] AR 21.

Plaintiff's age, education, work experience, and RFC—that there were no jobs that existed in significant numbers in the national economy that Plaintiff could perform.[48] Accordingly, after applying the five-step framework without segregating the effects of Plaintiff's substance use disorder, the ALJ determined that Plaintiff was disabled.[49]

However, rather than awarding Plaintiff benefits based on the determination of disability, as would ordinarily be the case, the ALJ conducted the five-step sequential evaluation a second time to determine whether Plaintiff would still be disabled absent his substance use disorder. Revisiting step two,[50] the ALJ concluded that Plaintiff continued to have severe impairments.[51] Moving to step three, the ALJ determined that omitting Plaintiff's substance use disorder would not alter the ALJ's previous conclusion that Plaintiff's impairments failed to meet or medically equal a listed impairment.[52] Accordingly, the ALJ proceeded to determine Plaintiff's RFC. The ALJ again concluded that Plaintiff had the RFC to perform light work with certain limitations but omitted the limitation that Plaintiff would be absent from work two days per month.[53] Turning to step four, the ALJ determined that, based on Plaintiff's revised RFC, Plaintiff

---

[48] AR 22.

[49] *Id*.

[50] The ALJ did not revisit step one, which considers whether the claimant is presently engaged in substantial gainful activity. However, as noted above, the ALJ had already determined that Plaintiff had not engaged in substantial gainful activity since his amended alleged onset date. AR 18.

[51] AR 22-23.

[52] AR 23-24.

[53] AR 24-30.

remained unable to perform any past relevant work.[54] Finally, at step five, the ALJ concluded—considering Plaintiff's age, education, work experience, and RFC—that if Plaintiff's substance use disorder was not considered, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform.[55] Therefore, the ALJ determined a finding that Plaintiff was not disabled was appropriate.[56]

After completing the required analysis, the ALJ concluded that Plaintiff's substance use disorder was a contributing factor material to the determination of disability because Plaintiff would not be disabled if his substance use disorder was not considered.[57] Therefore, the ALJ concluded that Plaintiff was not disabled.[58]

### III. Plaintiff's Arguments

Plaintiff argues that the ALJ erred: (A) at step two of the second iteration of the five-step framework by failing to identify any specific severe impairments, and (B) at step three of both phases of the five-step analysis by making inconsistent determinations concerning Plaintiff's mental impairments. The court addresses each of Plaintiff's arguments in turn below. As the following analysis demonstrates, both arguments fail.

---

[54] AR 30.

[55] AR 31.

[56] *Id*.

[57] *Id*.

[58] *Id*.

### A. The ALJ Did Not Commit Reversible Error at Step Two.

Plaintiff contends that the ALJ erred at step two of the second iteration of the five-step sequential analysis by failing to identify any specific severe impairments. Even if the court assumes that the ALJ erred in that regard, any such error is harmless because the ALJ determined that Plaintiff had severe impairments, concluded that Plaintiff could not be denied benefits at step two, and proceeded to step three. "[A]t step two, the ALJ must consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity [to survive step two]."[59] The United States Court of Appeals for the Tenth Circuit has explained that any error committed in that consideration is rendered "harmless when the ALJ reache[s] the proper conclusion that [the claimant cannot] be denied benefits conclusively at step two and proceed[s] to the next step of the evaluation sequence."[60]

Here, although true that the ALJ did not identify any specific impairments at step two, he concluded that if Plaintiff's substance use disorder was not considered, Plaintiff's "remaining limitations would cause more than a minimal impact on [Plaintiff]'s ability to perform basic work activities; therefore, [Plaintiff] would have a severe impairment or combination of impairments."[61] Consequently, the ALJ concluded that Plaintiff could not be denied benefits at

---

[59] *Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) (second and third alterations in original) (quotations and citations omitted).

[60] *Id.*; *see also Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016) ("[T]he failure to find a particular impairment severe at step two is not reversible error when the ALJ finds that at least one other impairment is severe.").

[61] AR 22.

step two and proceeded to step three. Thus, even if the ALJ erred by failing to list specific impairments at step two, it was harmless. Therefore, Plaintiff's step-two argument fails.[62]

### B. The ALJ Did Not Commit Reversible Error at Step Three.

Plaintiff argues that the ALJ erred at step three of both phases of the five-step analysis by making inconsistent determinations concerning Plaintiff's mental impairments. In assessing Plaintiff's mental impairments at step three, the ALJ considered whether those impairments met or medically equaled section 12.04 of Appendix 1 of the relevant regulations ("Listing 12.04").[63] Listing 12.04 is divided into Paragraphs A, B, and C.[64] Plaintiff contends only that the ALJ erred in his consideration of Paragraph B, which provides that a claimant must show an "[e]xtreme limitation of one, or marked limitation of two, of the following areas of mental functioning": (1) the ability to "[u]nderstand, remember, or apply information"; (2) the ability to "[i]nteract with others"; (3) the ability to "[c]oncentrate, persist, or maintain pace"; and (4) the ability to "[a]dapt or manage oneself."[65]

In the first iteration of the five-step process, which included consideration of Plaintiff substance use disorder, the ALJ found that Plaintiff had: (1) a mild limitation in understanding,

---

[62] To the extent that Plaintiff's step-two argument could be construed as contending that the ALJ erred by failing to find that certain impairments were medically determinable, that argument fails because the ALJ considered all of Plaintiff's impairments in subsequent steps and in assessing Plaintiff's RFC. AR 23-30. The Tenth Circuit has explained that any error in failing to find an impairment medically determinable is "obviated if the ALJ considered the non-medically determinable impairment in assessing the RFC." *Ray v. Colvin*, 657 F. App'x 733, 734 (10th Cir. 2016). That is exactly what the ALJ did here.

[63] 20 C.F.R. § 404, Subpart P, Appendix 1, listing 12.04.

[64] 20 C.F.R. § 404, Subpart P, Appendix 1, listing 12.04(A)-(C).

[65] 20 C.F.R. § 404, Subpart P, Appendix 1, listing 12.04(B)(1)-(4).

remembering, or applying information; (2) a mild limitation in interacting with others; (3) a moderate limitation in concentrating, persisting, or maintaining pace; and (4) no limitations in adapting and managing oneself.[66] During the second iteration of the five-step evaluation, which omitted consideration of Plaintiff's substance use disorder, the ALJ found that Plaintiff had: (1) a mild limitation in understanding, remembering, or applying information; (2) a moderate limitation in interacting with others; (3) a mild limitation in concentrating, persisting, or maintaining pace; and (4) a moderate limitation in adapting and managing oneself.[67]

Plaintiff contends that the ALJ erred by making inconsistent findings concerning interacting with others and adapting and managing oneself because those findings show an increase in Plaintiff's limitations when substance abuse is not considered. Plaintiff's argument fails for the following two reasons.

First, Plaintiff fails to show any reversible error. As stated above, to satisfy Paragraph B of Listing 12.04, Plaintiff was required to show an extreme limitation of one, or marked limitation of two, of the listed areas of mental functioning.[68] However, the ALJ concluded that Plaintiff demonstrated no more than a moderate limitation in any of those areas, either with or without consideration of his substance use disorder, and Plaintiff has not challenged those conclusions. Therefore, Plaintiff fails to show that he can satisfy the requirements of Paragraph B

---

[66] AR 19.

[67] AR 23.

[68] 20 C.F.R. § 404, Subpart P, Appendix 1, listing 12.04(B)(1)-(4).

of Listing 12.04, which dooms his argument.[69] Thus, even if Plaintiff correctly points out an inconsistency in the ALJ's analysis, that inconsistency changes nothing: Plaintiff's impairments still do not satisfy the requirements of Paragraph B of Listing 12.04 and, consequently, the ALJ's conclusion would remain the same. Accordingly, Plaintiff's argument fails.[70]

Second, even if the ALJ had committed reversible error at step three, his RFC determination provides a basis for upholding his step three conclusion.[71] Indeed, beyond his step-three discussion, the ALJ's RFC determination demonstrates that he considered and discussed evidence supporting his assessment of Plaintiff's mental impairments, including: (1) Plaintiff's allegations about his mental impairments;[72] (2) the medical evidence relating to periods both with and without Plaintiff's substance abuse;[73] and (3) the opinions of the State

---

[69] *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) ("For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." (emphasis in original)); *Duncan v. Colvin*, 608 F. App'x 566, 576 (10th Cir. 2015) (providing that when a claimant has not satisfied all of the criteria of a listing, the claimant "cannot prevail at step three as a matter of law"); *Lax*, 489 F.3d at 1085 ("To show that an impairment or combination of impairments meets the requirements of a listing, a claimant must provide specific medical findings that support each of the various requisite criteria for the impairment.").

[70] *Moua v. Colvin*, 541 F. App'x 794, 798 (10th Cir. 2013) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." (quotations and citation omitted)); *see also Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012) (providing that the reviewing court "should, indeed must, exercise common sense" and "cannot insist on technical perfection").

[71] *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005) ("[A]n ALJ's findings at other steps of the sequential process may provide a proper basis for upholding a step three conclusion that a claimant's impairments do not meet or equal any listed impairment.").

[72] AR 24-25.

[73] AR 25-28.

agency psychological consultants.[74] That discussion provides a sufficient basis to uphold the ALJ's step-three conclusion. Therefore, Plaintiff's step-three argument fails.

## **CONCLUSION AND ORDER**

As demonstrated above, all of Plaintiff's arguments on appeal fail. Therefore, IT IS HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED.

IT IS SO ORDERED.

DATED this 14th day of July 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[74] AR 28-29.